**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INGENUITY PARTNERS AND INVESTORS, LLC, | CIVIL ACTION -  LAW |
| Plaintiff | |
| v. | NO. _____ |
| REPUBLIC FRANKLIN INSURANCE COMPANY, A MEMBER OF UTICA NATIONAL INSURANCE GROUP, | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes Plaintiff, Ingenuity Partners and Investors, LLC, by its attorneys, Thomas, Thomas & Hafer, LLP, and brings the following Complaint for Declaratory Judgment:

### I.    PARTIES

1.    The Plaintiff, Ingenuity Partners and Investors, LLC, is a limited liability company that conducts business in Cumberland County, Pennsylvania, with an office and agent authorized to accept service of process at 114 N. York

Street, Suite D, Mechanicsburg, Pennsylvania 17055 and is a citizen of the Commonwealth of Pennsylvania.

2.    Defendant, Republic Franklin Insurance Company, a member of Utica National Insurance Group, is an insurance company licensed to issue liability policies in the Commonwealth of Pennsylvania and has a principal place of business at 180 Genesee Street, New Hartford, New York 13413 and is a citizen of the State of New York.

## II.    JURISDICTION

3.    Jurisdiction in this matter is proper in federal court pursuant to 28 U.S.C.A. § 1332, based upon diversity of citizenship.

4.    The parties are citizens of different states.

5    The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Plaintiff, Ingenuity Partners and Investors, LLC brings this declaratory judgment action pursuant to 28 U.S.C.A. § 2201 *et seq.* and Fed.R.Civ.P. 57 to ascertain the rights, duties and obligations under certain insurance policies.

7.    A justiciable controversy exists between the parties concerning their respective rights, duties and/or obligations under a certain insurance policy issued

by Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group.

## III.   VENUE

8.    Venue is appropriate pursuant to 28 U.S.C.A. §1391(b)(2).

## IV.   FACTUAL BACKGROUND

9.    A Complaint was filed by Jennifer Snyder against Ingenuity Partners and Investors, LLC in Cumberland County Court of Common Pleas at docket number 2022-00569 ("Underlying Action") seeking money damages for alleged personal injuries that occurred on February 19, 2020 when she fell from the second floor at her then place of employment located at 118 West Allen Street, Mechanicsburg, Pennsylvania 17055. A copy of the Underlying Action is attached hereto as Exhibit "A."

10.    In the underlying complaint Jennifer Snyder alleged, among other things, that there were an alleged dangerous and defective conditions existing in the premises at 118 West Allen Street, Mechanicsburg, Pennsylvania 17055.  See Paragraph 6 of the Underlying Action.

11.    In the underlying complaint, it is alleged that Plaintiff Ingenuity Partners and Investors were negligent for, among other things, creating, permitting, failing to warn, failing to protect, failing to place barricades, failing to inspect,

failing to repair the alleged dangerous and defective conditions.  See Paragraph 19 of the Underlying Action.

10.     At the time of the underlying accident, Jennifer Synder was an employee of Hot Frog Print Media, LLC, which maintained a business at 118 West Allen Street, Mechanicsburg, Pennsylvania 17055 and she was in the course of her employment furthering the business of her employer, Hot Frog Print Media, LLC, at the time of her alleged accident.

11.     Furthermore, at all times material hereto, Plaintiff Ingenuity Partners and Investors, LLC, leased the premises at 118 West Allen Street, Mechanicsburg, Pennsylvania 17055 to Hot Frog Print Media, LLC.  A copy of the aforesaid Lease Agreement is attached hereto as Exhibit "B.'

12.     Under the terms of the Agreement, Hot Frog agreed to the following terms, in pertinent part:

> Section 6.1 Liability Insurance. Tenant shall, at its own expense, maintain a policy or policies of comprehensive general liability insurance with respect to its activities on the Leased Premises throughout the term of this Lease and any renewals or extensions thereof. Such insurance shall provide liability from bodily injury (including death) and property damage with a minimum amount of $2,000,000 combined single limit coverage. Landlord shall maintain, at its expense (reimbursable as part of the operating expenses for the Building), broad form comprehensive general liability insurance against claims for bodily injury, death or property damage occurring in or around the Building, including

the common areas, as are commercially reasonable as reasonably determined by Landlord but in any event in a minimum coverage amount of $2,000,000 in respect to single limit bodily injury or property damage.

Section 6.4 Waiver of Subrogation. Each of the parties hereto hereby releases the other (to the extent of the releasing party's insurance coverage) from any and all liability for any loss or damage covered by such insurance which may be inflicted upon the property of such party, even if such loss or damage shall be brought by the fault or the negligence of the other party, its agents, or employees provided, however, that this release shall be effective only with respect to loss or damage occurring during such time as the appropriate policy of insurance shall contain a clause to the effect that this release will not affect said policy or the right of the insured to recover thereunder.

Section 7.1 Waiver of Claims, Except in the event of gross negligence or willful misconduct by Landlord or its agents, Tenant waives all claims against Landlord for injury or damage to person, property or business arising for any reason. Except in the event of gross negligence or willful misconduct by Tenant or its agents, Landlord waives all claims against Tenant for injury or damage to person, property or business arising for any reason.

Section 7.2 Reimbursement by Tenant. Subject to the waiver of subrogation provision set forth in Section 6.4 above, if any damage to the Building or the Leased Premises results from any act or neglect of Tenant, its agents, employees, invitees or contractors. Landlord may, at its option, repair any such damage, and Tenant shall upon demand by Landlord, promptly reimburse Landlord for the total cost of the damage.

Section 7.3 Indemnification by Tenant. Subject to the waiver of subrogation provision set forth in Section

6.4 above. Tenant shall indemnify Landlord against and defend and hold it harmless from any and all liabilities, obligations, damages, penalties, claims, causes of action, cost and expenses, including reasonable attorneys' fees paid or incurred, as a result or in connection with: (i) Tenant's use and occupancy of the Building, including the Leased Premises; (ii) Any breach by Tenant, its agents, employees, invitees, and contractors of any covenant or condition of this Lease; or (HI) The carelessness, negligence, or improper conduct of Tenant, its agents, employees, invitees, and contractors, except for gross negligence or willful misconduct caused by Landlord, Landlord's contractors, agents or employees. If any third-party action or proceeding is brought against Landlord by reason of any claim covered under this Section, Tenant, upon written notice from Landlord, will, at Tenant's expense, resist and defend such action or proceeding by counsel selected by Tenant.

13. Moreover, at all times material hereto, Hot Frogs Print Media, LLC, obtained a policy of liability insurance, Businessowners Coverage Form with form number BP 00 03 (1/06 Ed.) from Defendant, Republic Franklin Insurance Company, a member of Utica National Insurance Group which was in full force and effect at the time of time of the aforesaid underlying accident involving Jennifer Snyder.

14. The policy also includes the Businessowners Extension Endorsement with form number 8-E-3560(4/08 Ed.) which states in pertinent part:

II. Section II - Liability is amended as follows:
B. Who Is An Insured is amended as follows:
3. The following are added:
b. Additional Insureds - Agreements

(1) Any person or organization with whom you have entered into a written contract, agreement or permit requiring you to provide insurance such as is afforded by this Businessowners Coverage Form will be an additional insured, but only with respect to liability arising out of your ongoing operations, "your work," or property owned or used by, or rented or leased to you. The insurance afforded any additional insured under this paragraph will be subject to all applicable exclusions or limitations described in Paragraphs II.B.3.C. and II.B.S.d. of this endorsement.

(2) Such insurance as is provided by Paragraph II.B.3.b.(1) above for any additional insured will be primary, if so required by the written contract, agreement or permit. Any other insurance available to such person or organization shall be excess over this insurance. This provision replaces Paragraph 1. of the Other Insurance Businessowners Common Policy Condition, with respect to such insurance.

(3) A person's or organization's status as an additional insured in connection with a written contract, agreement or permit as provided under Paragraph of this endorsement ends when your operations for that additional insured are completed or the written contract, agreement or permit is terminated or expires.

## V.    DECLARATORY JUDGMENT – DUTY TO DEFEND

15.    Whether an insurer owes a duty to defend an insured in a lawsuit brought against the insured is dependent on the allegations in the underlying complaint and on the language of the insurance policy at issue. *See State Farm Fire v. Estate of Mehlman*, 589 F. 3d 105 (3d Cir. 2009) (citing *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290-92 (Pa. 2007)).

16.     That is, a "carrier's duty to defend . . . an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) (quoting *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999)).

17.     Courts should "look to the language of the policies themselves . . . and then examine [the underlying] complaint," *Kvaerner*, 908 A.2d at 896-97, in order to evaluate "whether, if the allegations [in the underlying complaint] are sustained, the insurer would be required to pay [the] resulting judgment." *Sabia Landscaping v. Merchs. Mut. Ins. Co.*, 2013 WL 6022129, at *2 (E.D. Pa. Nov. 6, 2013) (quoting *Donegal*, 938 A.2d at 290).

18.     It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend." *D'Auria v. Zurich Ins. Co.*, 507 A.2d 857, 859 (Pa. Super. Ct. 1986).

19.     Allegations in the underlying complaint must be "liberally construed with all doubts as to whether the claims may fall within the coverage of the policy to be resolved in favor of the insured." *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. Ct. 1997).

20.    Liability against Plaintiff Ingenuity Partners and Investors, LLC, in the underlying lawsuit is predicated upon the allegedly defective conditions of the property used by and leased to Hot Frog Print Media, LLC.

21.    Hot Frog Print Media, LLC, obtained the required comprehensive general liability insurance from Defendant, Republic Franklin Insurance Company, a member of Utica National Insurance Group where the operative policy language plainly and clearly states  that "Any person or organization with whom you have entered into a written contract, agreement or permit requiring you to provide insurance such as is afforded by this Businessowners Coverage Form will be an additional insured, but only with respect to liability arising out of your ongoing operations, "your work," or property owned or used by, or rented or leased to you."

22.    It is clear that Plaintiff Ingenuity Partners and Investors, LLC, would be considered an additional insured with respect to liability arising out of Hot Frog's ongoing operations, "your work," or property owned or used by, or rented or leased to Hot Frog Print Media, LLC.

23.    At all times material, Plaintiff Ingenuity Partners and Investors, LLC, requested that Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group, tender a defense and provide coverage to Plaintiff Ingenuity Partners and Investors, LLC, with regard to the Underlying Action.  See

Correspondence dated August 30, 2024 and October 2, 2024 collectively attached hereto as Exhibit "C."

24.    Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group, has improperly denied a defense and coverage to Plaintiff Ingenuity Partners and Investors, LLC, in violation of Pennsylvania law. See September 17, 2024 letter from Defendant attached hereto as Exhibit "D."

25.    It is clear that Plaintiff Ingenuity Partners and Investors, LLC, is owed a defense and coverage as an additional insured under the aforesaid policy of liability insurance issued by Defendant, Republic Franklin Insurance Company, a member of Utica National Insurance Group.

26.    Accordingly, Plaintiff Ingenuity Partners and Investors, LLC, seeks a declaration that Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group is obligated to defend and/or indemnify Plaintiff Ingenuity Partners and Investors, LLC, in the Underlying Action under the plain terms of the Policy when compared to the express allegations in the Underlying Action.

**This space intentionally left blank.**

**WHEREFORE**, Plaintiff, Ingenuity Partners and Investors, LLC, respectfully requests this Court to enter judgment in its favor and issue a declaratory judgment that:

1. Plaintiff Ingenuity Partners and Investors, LLC, is entitled to a defense and coverage under the aforesaid liability policy, Businessowners Coverage Form with form number BP 00 03 (1/06 Ed.), which includes Businessowners Extension Endorsement with form number 8-E-3560(4/08 Ed.) issued by Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group in the Underlying Action;

2. Defendant Republic Franklin Insurance Company, a member of Utica National Insurance Group, must immediately provide a defense and fulfill its duty to defend in the Underlying Action under the aforesaid liability policy, Businessowners Coverage Form with form number BP 00 03 (1/06 Ed.), which includes Businessowners Extension Endorsement with form number 8-E-3560(4/08 Ed.);

3. There is a clear duty to defend and coverage owed under the aforesaid Policy for the claims and alleged damages in the Underlying Action;

4. Defendant Republic Franklin Insurance Company is responsible to reimburse attorneys fees and costs incurred in the defense of this matter; and

5.      For such other relief as may be appropriate.

Respectfully submitted,

***THOMAS, THOMAS & HAFER, LLP***

By:_____

Joseph Pulcini, Jr., Esquire
I.D.# 73067
Randy Burch, Esquire
I.D.# 59567
1550 Pond Road, Suite 210
Allentown, PA  18104
Phone: (610) 332-7027
           (610) 332-7009
Fax: (610) 868-1702
jpulcini@tthlaw.com
rburch@tthlaw.com
*Attorneys for Plaintiff,*
*Ingenuity Partners and Investors, LLC*

Date:   November 8, 2024